By the Court,
Cowen, J.
It is not necessary to enquire whether the commissioner, by having made the verbal order and begun to sign the written one, had lost all control over the case; because he had a right, in strictness, to decline *416 hearing the opposing party after the hour appointed. His assigning for reason that it was too late, and that he then had no power to open the case, cannot be received for error, so long as the proceeding may be sustained by another reason which is valid. After announcing to the debtor that a written order would be made, his witness may have left the commissioner’s office, or other means prepared to sustain the application may have been dispensed with.
It would no doubt be erroneous, in this and the like cases, for a commissioner to decide before the hour appointed; but after that has arrived, we cannot interfere by certiorari, merely because he may allow a longer or shorter time. It is enough if he return that, at the hour, the party interested to oppose not appearing, he proceeded accordingly. In practice, it is sometimes usual to wait an hour; (said in Shufelt v. Simmons, 20 John. R. 309;) sometimes only half an hour. (Bagley’s Chamber Pr. 22.) But, in strictness, the party must attend at the precise time, {Id. 23,) and all beyond is matter of practice or discretion, like a judge postponing a trial. The particular ■ circumstances which regulate the mind of the judge in granting or refusing the extension of time applied for, make no part of the record, and cannot properly be brought into the return to a certiorari. The doctrine of certiorari from a justice’s court has no application. That court is by statute bound to return various collateral matters ; and this court has gone a great, not to say an inconvenient length, in looking after minute matters of practice 3 sometimes, perhaps, of mere discretion.
Motion denied.